[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff union is seeking to organize workers at Filene's in Meriden. As part of this organizing campaign, the plaintiff attempted to place a paid advertisement in the defendant's newspaper; this ad announced a union organizing meeting. The defendant newspaper refused to run the advertisement and the plaintiff is now attempting to compel the defendant newspaper to place the ad. The first count of the plaintiff's complaint asserts that it has no adequate remedy at law and seeks to enjoin the defendant newspaper from refusing to publish the advertisement; the second count of the complaint asserts a CUTPA violation.
PARTIES' ARGUMENTS
The defendant moves to strike on the ground that the plaintiff's complaint does not state a legally sufficient cause of action because the law is clear that the defendant newspaper cannot be compelled to publish the advertisement. In addition to citing federal authority, the defendant, in its supplemental brief in support of the motion to strike, relies CT Page 6564 on Adult Choices, Inc. v. Post Publishing Co.,9 Conn. L. Rptr. 137 (June 21, 1993, Leheny, J.), which it terms "identical" to the present action.
The plaintiff asserts that the defendant has no right to refuse to publish its advertisement. The plaintiff attempts to distinguish the cases cited by the defendant on the ground that those cases involve a newspaper's refusal to publish based on political or editorial views; the plaintiff defines the proposed advertisement in the present case as a "non-editorial advertisement strictly aimed at organizing workers for purposes of collective bargaining."
DISCUSSION
In Adult Choices, Inc. v. Post Publishing Co., supra, the plaintiff, a business that sells and rents adult videotapes, had a contract with the defendant newspaper whereby the plaintiff could, at its option, place advertisements in the defendant newspaper. Upon the receipt of a reader's complaint, the defendant newspaper refused to publish the plaintiff's advertisements in future issues of the newspaper. The plaintiff brought an action claiming breach of contract and violation of the Connecticut Unfair Trade Practices Act (hereinafter "CUTPA"). In deciding the defendant's motion for summary judgment as to both claims, the court, Leheny, J., ruled that as to the contract claim, the motion for summary judgment should be denied because genuine material issues of fact were in existence. As to the plaintiff's CUTPA claim, however, the court granted the motion for summary judgment.
In Adult Choices, the court first cited Cyntje v. DailyNews Publishing Co., 551 F. Sup. 403 (D.C.V.I. 1982), a case in which a defendant newspaper had refused to publish the plaintiff's advertisements because those advertisements did not meet the newspaper's standards. In Cyntje, the court stated that "[s]o long as the refusal is not the result of racial discrimination or based on an otherwise invidiously discriminatory classification . . . . a publication cannot, under the guarantees of a free press . . . be compelled to print or disseminate a paid advertisement." Id., 405.
In Adult Choices, the court also noted that "`[t]he first amendment does not grant to the people an absolute right to speak in the private forum of their choices.'" Adult Choices,CT Page 6565Inc. v. Post Publishing Co., supra, 140, quoting Rattner v.Netbur, 733 F. Sup. 162, 168 (S.D.N.Y. 1989). "`The choice of material to go into a newspaper . . . whether fair or unfair — constitute[s] the exercise of editorial control and judgment.'" Adult Choices, Inc. v. Post Publishing Co., supra, quoting Miami Herald Publishing Co. v. Tornillo, 418 U.S. 241,258, 94 S.Ct. 2831, 41 L.Ed.2d 730 (1974). In addition, "`[t]he degree of discretion which editors utilize in rejecting advertisements is not distinguishable, under First Amendment analysis from that exercised over any other submitted matter.'" Adult Choices, Inc. v. Post PublishingCo., supra, quoting, Sinn v. Daily Nebraskan, 638 F. Sup. 143,164 (D.Neb. 1986).
In discussing the plaintiff's CUTPA claim, the court inAdult Choices stated that
 [t]he defendant's refusal to publish the plaintiff's advertisements is actually supported by public policy as it has been established by the First Amendment and the case law which interprets the scope of "freedom of the press." In light of a newspaper editor's broad discretion in deciding what material gets published, a newspaper editor's refusal to publish an advertisement cannot constitute a violation of public policy nor can it constitute deceptive, unfair, immoral, oppressive or unethical behavior) unless such refusal to publish is based on an "invidiously discriminatory classification."
Adult Choices, Inc. v. Post Publishing Co., supra, quotingCyntje v. Daily News Publishing Co., supra, 405.
The facts of the present case are indistinguishable from those of Adult Choices and the defendant's motion to strike should be granted.
Hale, State Trial Referee CT Page 6566